## LOUISIANA STATE BANK vs. ELLERY.

Appeal from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant is sued as endorser of a promissory note. She pleaded the general issue. There was judgment of nonsuit in her favor, and the plaintiffs appealed.

The statement of facts shews, that the execution and endorsement of the note were admit-

Notice of the protest of a note, is improperly given to an attorney, with special powers, which do not authorise him to receive such a notice.

ted. A notary public made the demand on the fourteenth of October, and gave notice to J. P. Morgan, the defendant's attorney, appointed by a power annexed to the record, who under it had endorsed the note for the defendant. She left the state before the endorsement, and has ever resided out of it, has no domicil in it, but has property therein, administered by her said attorney.

The power authorises Morgan "to transact the following concerns in and with the Louisiana State Bank:—to receive and sign receipts for all dividends—to vote—to deposit money in said institution, and draw checks—to lodge promissory notes—finally, the institution is empowered to receive the attorney's signature for the the constituant on all acceptances of bills of exchange and endorsements of promissory notes—lastly, she binds herself, her heirs and assigns, to all the acts of her said attorney, touching the premises."

The power is a special one, and cannot be extended beyond what is expressed in it. The plaintiffs do not allege that it was not known where the defendant resided, so that she could not be notified by the mail, &c. The power to

receive notice is not necessarily included in that of endorsing.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs,

*Grymes* for the plaintiffs, *Hennen* for the defendant.